IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Susan Diane Hendricks, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:22-cv-02391-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of Graham (Camile Griffin) | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

    Petitioner Susan Diane Hendricks ("Petitioner"), a state prisoner proceeding *pro se*, filed this Petition for Writ of Habeas Corpus on July 25, 2022. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. On December 7, 2022, Respondent filed a Motion for Summary Judgment. (ECF No. 14). The court granted her numerous extensions, *see* (ECF Nos. 18; 22; 24; 27), and Petitioner eventually filed a response in opposition to the motion on May 15, 2023, (ECF No. 29). Thereafter, Respondent filed her reply. (ECF No. 30). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the court grant Respondent's motion for summary judgment and dismiss Petitioner's Petition with prejudice. (ECF No. 31). Petitioner was advised of her right to file objections to the Report. *Id*. at 23. However, Petitioner has filed no objections, and the time to do so has now run.

    The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *Greenspan v. Brothers Prop.*

*Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having thoroughly reviewed the Report and the record under the appropriate standards and, finding no clear error, the court **ADOPTS** the Report in its entirety (ECF No. 31), and incorporates it herein. Accordingly, Respondent's Motion for Summary Judgment (ECF No. 14) is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DISMISSED with prejudice.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that her constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

IT IS SO ORDERED.

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
August 2, 2023